UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 2:06-CV-288 PPS |
| DAVID BARICK; BARICK BUILDERS, INC.; | ) |
| BROOKE CONAWAY; and MEREDITH | ) |
| CONAWAY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is an insurance coverage case filed under the Court's diversity jurisdiction. Before the Court is a motion to dismiss for lack of subject matter jurisdiction filed by defendants Brooke Conaway ("Brooke") and Meredith Conaway ("Meredith"). [Doc. 12, 16.] Because the amount in controversy exceeds $75,000 and the parties are completely diverse, the motion is denied.

**I.   BACKGROUND**

**A.   The Brooke Conaway Lawsuit**

On April 10, 2004, Brooke entered into a contract with Barick Builders, Inc. and David Barick (collectively "Barick") relating to the construction of a townhouse. [Doc. 1, Ex. 1 at ¶ 1.] Brooke claims that Barick breached the contract by failing to construct the townhouse in a workmanlike manner. [*Id.* at ¶ 9.] According to Brooke, Barick improperly installed the HVAC system in her townhouse, failed to complete her construction "punch list," forced her to hire another contractor to remedy some of the construction problems at the townhouse, and failed to build the townhouse in compliance with local building codes. [*Id.* at ¶¶ 11-15.] Brooke further claims that she suffered bodily injury after being exposed to toxic mold that was present in the

townhouse. [*Id.*]

On December 20, 2005, Brooke filed a three-count complaint in state court against Barick seeking damages for fraudulent inducement, breach of contract, and personal injury. [*Id.*] In her complaint, Brooke seeks a refund of the purchase price of the townhouse (in excess of $175,690.00), a refund of the down payment on the townhouse ($15,000), reimbursement of all monies expended to correct the construction defects, damages for the delay in the construction of the townhouse, damages for personal injuries, attorneys' fees, and punitive damages. [*Id.*]

**B.    The Meredith Conaway Lawsuit**

On April 10, 2004, similar to her sister Brooke, Meredith entered into a contract with Barick relating to the construction of her townhouse. [Doc. 1, Ex. 4 at ¶ 1.] Meredith claims that Barick breached this contract by failing to construct the townhouse in a workmanlike manner. [*Id.* at ¶ 9.] According to Meredith, Barick failed to properly construct the townhouse, failed to properly grade the townhouse, and failed to complete her construction "punch list." [*Id.* at ¶¶ 13-18.] Meredith also claims that she suffered bodily injury after being exposed to toxic mold that was present in the townhouse. [*Id.*]

On February 3, 2006, Meredith filed a three-count complaint against Barick seeking damages for fraudulent inducement, breach of contract, and personal injury. [*Id.*] In her complaint, Meredith seeks a refund of the purchase price of the townhouse (in excess of $172,350.00), a refund of the down payment on the townhouse, reimbursement of all monies expended to correct the construction defects, damages for the delay in the construction of the townhouse, damages for personal injuries, attorneys' fees, and punitive damages. [*Id.*]

**C.    The Present Declaratory Judgment Action**

After being served with the Meredith and Brooke complaints, Barick requested that their

insurer, Westfield, defend and indemnify them against the lawsuits. [Doc. 1, ¶ 2.7.] Westfield insured the Barick defendants under two policies of insurance, with effective periods from June 2, 2004 through June 2, 2006. [Doc. 1, ¶ 2.7.] Both of the insurance policies contain limits of $500,000 per occurrence. [*Id.*] Following its receipt of the Barick defendants' tender, Westfield brought the present declaratory judgment action to determine its potential obligation to defend and indemnify Barick against the Meredith and Brooke complaints. Meredith and Brooke now ask this Court to dismiss the present action for lack of subject matter jurisdiction because the amount in controversy is less than the $75,000 jurisdictional threshold.

## II.   DISCUSSION

Diversity jurisdiction is present when the parties are completely diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a). The amount in controversy is determined by an evaluation of the claims described in the complaint, along with the record as a whole, as of the time the case was filed. *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978 (7th Cir. 2002). In the event that any challenges are made regarding the amount in controversy, the party choosing federal court has the burden of affirmatively establishing jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006); *Brill v. Countryside Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). The case remains in federal court "unless it is legally certain that the controversy is worth less than the jurisdictional amount." *Meridian*, 441 F.3d at 543. Here, no dispute exists as to the diversity of the parties in the present action; rather, Brooke and Meredith contend only that the amount in controversy does not exceed $75,000.

When faced with a declaratory judgment action, a court should measure the "value of the object of the litigation" in order to determine whether the amount in controversy exceeds the

jurisdictional floor of $75,000." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). In an insurance action of this sort, the duty to defend is dependent upon "what the plaintiff [in the underlying action] alleges," while the duty to indemnify "is limited to what the plaintiff proves [in the underlying action]." *Meridian*, 441 F.3d 539. Because a declaration that the insurer need not defend necessarily means that it need not indemnify either, the potential outlay for indemnification counts toward the jurisdictional minimum. *Id.* Accordingly, the determination of the amount in controversy is the cost of defending the insured against the underlying claims (i.e. the duty to defend) along with the potential value of the underlying claims (i.e. duty to indemnify). *Id.*

In their briefs, the parties focus their collective attention on the potential value of the underlying claims without really addressing the potential costs of defending against the underlying claims. As the Court is necessarily limited to the record before it and the parties have only placed the value of the potential indemnity obligation at issue, the Court will not engage in any unsolicited analysis of the value of the potential costs associated with a defense obligation. That being said, the analysis of the amount in controversy in the present action is nonetheless relatively straightforward.

Although the Seventh Circuit has directed district courts to hold hearings under Rule 12(b)(1) when the amount in controversy is at issue, *see Meridian*, 441 F.3d at 542, such hearings are only necessary when the factual allegations are "contested." *Id*. In this case, the underlying complaints from the state court matters do not contain any *ad damnum* clauses to provide the amount of damages being sought by either Meredith or Brooke because Indiana Trial Rule 8(a)(2) prohibits such clauses. However, the underlying complaints are filled with sufficient allegations to assist the Court in calculating the amount in controversy.

In her complaint, Meredith seeks, among other things, a full refund of her construction contract with Barick (i.e. $172,350.00), reimbursement of any monies she expended to remedy the construction defects, damages for her personal injuries caused by her exposure to toxic mold, attorneys' fees, and punitive damages.  It does not take much effort to find that the potential value of Meredith's underlying claims, upon which the present action is based, exposes Westfield to the risk of $172,350 or more in possible indemnity.  Brooke seeks virtually identical relief against Barick in her lawsuit, except that she seeks a refund of her construction contract which is valued at $175,690.  Thus, as of the time of the filing of this action, Brooke's claims against the Barick defendants exposed Westfield to the risk of $175,690 or more in possible indemnity.

While the Court could evaluate the claim for punitive damages to satisfy the requisite amount-in-controversy, *Del Vecchio v.  Conseco, Inc.*, 230 F.3d 974 (7th Cir.  2000), such an analysis is unnecessary in the present action.  Fairly read, each of the underlying complaints demands more than $75,000 in compensatory damages, thereby satisfying § 1332(a)'s jurisdictional requirement.  The Court therefore concludes that Defendants' Motion to Dismiss for lack of subject matter jurisdiction must be denied because the value of the claim exceeds the jurisdictional minimum mandated by § 1332.

### III.    CONCLUSION

Based on the foregoing, Defendant Meredith Conaway's and Brooke Conaway's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 12, 16] is **DENIED.**

**SO ORDERED.**

ENTERED:  November 17, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
